A. H. Andrews & Co.

v.

William A. Stanton, Receiver.

1. Chancery practice—Claims against receiver.—Parties having claims against a company or corporation, in the hands of a receiver, may come into court by intervening petition and have their claims adjudicated, or by leave of the court may institute suits at law therefor.

2. Same.—The possession of the receiver is regarded as the possession of the court from which he derives his appointment and the court will not allow any interference therewith, nor tolerate any attempt to disturb him in his rightful possession without leave being first obtained for that purpose.

3. Same.—Appellee as receiver for a corporation which had been carrying on business as licensee of appellant, under an agreement for payment of royalty, obtained permission of court and proceeded to fill, among others, an outstanding contract; but on said contract being completed refused to account for and pay over to appellant the royalties due thereon under the contract between appellant and appellee's insolvent company. Appellant filed a petition in the cause in which appellee was receiver asking for an order upon the receiver to pay the amount of royalty which might be due, which petition the court dismissed, upon the ground that its remedy was exclusively at law. *Held*, erroneous, and that under the circumstances there was no necessity or propriety in sending the petitioner to a court of law.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding. Opinion filed January 6, 1886.

This was a petition filed by appellant in a creditor's suit pending in the Superior Court of Cook county, in which H. W. Lyman and others were complainants, and the Booth & Osgood Manufacturing Company was defendant, in which suit appellee was receiver, praying for a rule on the receiver to pay over to appellant certain royalties in ·his hands as such receiver, which were claimed by appellant as owner of a patent for an improvement in school seats and desks, and under which the Booth & Osgood Company, as successors to the Richard T. Hambrook Manufacturing Company, had been carrying on business as licensees of appellant under an agreement for the payment of a stipulated royalty.

It was represented in the creditor's bill that the Booth &

Osgood Company had on hand a large amount of unfinished material, prepared under special contracts for supplying school furniture, which by completion and delivery under such contracts would save from fifteen to twenty thousand dollars. The receiver, after his appointment, filed a petition asking for authority to finish and deliver seats and desks to fill outstanding contracts, among which was one with the board of education of Chicago, amounting to about $18,000, and authority for that purpose was granted by the court.

Appellant's petition alleges that the receiver has manufactured under said license, seats and desks to a large amount, to which appellant assented, subject to the payment of royalty as provided in the original contract; that the receiver refuses to pay to appellant the royalties received by him, and that there is due to the petitioner on account thereof $1,680.50.

Appellee answered, denying that he had used petitioner's patent; and denying that there is anything due to petitioner for royalties. Replications were filed, and the cause was referred to the master to take and report proofs, together with his opinion upon the law and the facts. The master reported that the material allegations of the petition were true, and that the receiver since his appointment had furnished to the board of education 8,874 desks, the royalty on which at the rate originally agreed upon amounted to $1,331.10; that there was due to said petitioner from said receiver said sum on account of said royalties, and the master recommended that a decree in favor of said petitioner be entered to the amount of $1,331.10.

The record recites that on July 14, 1885, "the exceptions of said receiver to the report of B. D. Magruder, one of the masters in chancery of this court, now coming on to be heard, and it appearing to the court that the order allowing the said petitioner to file its said petition heretofore entered herein was improvidently entered, and that the remedy of said petitioner is at law; it is ordered and considered that said order be and the same is hereby set aside and vacated, and leave is given to said petitioner to bring a suit at law against said receiver in this court, or a suit at law or in equity in the Circuit Court of the United States for the Northern District of Illinois.

Andrews & Co. v. Stanton.

" It is further ordered that said petitioner and receiver each pay its or his own costs. And thereupon said petitioner excepts, and prays an appeal to the appellate court, which is allowed," etc. Appellant brings the case here for review.

Mr. LYMAN M. PAINE, for appellant; as to status of receivers, cited Republic Life Ins. Co. v. Swigert, 17 Legal News 177 ; Safford v. People, 85 Ill. 558 ; Kerr on Receivers, 159 ; Hoffman's Master in Chancery, 154; Baker v. Backus, 32 Ill. 79 ; Booth v. Clark, 17 How. U. S. 331 ; Coates v. Cunningham, 80 Ill. 467 ; High on Receivers, §§ 5, 470 ; Gage v. Smith, 79 Ill. 219 ; Marsh v. Dodge, 4 Hun, 278; Enrigh v. Chamberlain, 1 Biss. 367 ; Balfe v. Blake, 1 Irish Ch. R. 365.

Messrs. HUTCHINSON & LUFF, for appellee ; that the remedy is at law, cited Root v. Railway Co., 105 U. S. 189 ; Crandall v. Piano Mfg. Co., Federal Reporter, Sept. 29, 1885, p. 738.

WILSON, J.   The only question we are called upon to consider in the present case is whether, under the facts as reported by the master, appellant's claim was cognizable in a court of equity or whether as held by the court below his only remedy was at law.   We understand it to be the well established practice that parties having claims against a company or corporation, in the hands of a receiver, may come into court by intervening petition and have their claims adjudicated, or by leave of the court may institute suits at law therefor.   The possession of the receiver is regarded as the possession of the court from which he derives his appointment, and the court will not allow any interference therewith nor tolerate any attempt to disturb him in his rightful possession without leave being first obtained for that purpose ; High on Injunctions, Sec. 139.   In Daniell's Ch. Pr., page 1057, it is said, "Where any person claims to be entitled to an estate or other property sequestered, he should apply to the court to direct an inquiry whether the applicant has any and what interest in the property. This inquiry is called an examination *pro interesse suo.*"   And in Hunt v. Priest, 2 Dickens, 540, the mode of proceeding in such cases is stated thus:   "After the examination, the other side hath liberty to examine witnesses to falsify the exam'na-

tion  *  *  Then an order is made to refer it to the master to look into the examination and depositions, and to certify whether the claimant hath made out any, and what, interest in the premises or in any, and what part thereof.   The report the master makes is set down to be heard for directions, and the court pronounceth a final order," citing Fawcett v. Fothergill, decided in the high court of chancery in 1699.   And see Story Eq. Jur., Sec. 833; Noe v. Gibson, 7 Paige Ch. 513; Richards v. People, 81 Ill. 551.

For the purposes of our present inquiry it must be assumed that the receiver had in his possession an ascertained amount of royalties derived from the estate which the court, through him as its instrument, was administering; since the court, without passing upon the master's report or inquiring into the merits of the case, vacated the order allowing the petitioner to intervene, upon the sole ground that his remedy was exclusively at law.   We think it very clear that the court fell into an error.   The money paid to the receiver for the desks furnished the board of education included and covered the royalties due from the Booth & Osgood Manufacturing Company to appellant, and was a trust fund in the receiver's hands for appellant's use.   Under these circumstances there was no necessity or propriety in sending the petitioner to a court of law. The amount due him was already ascertained, and was *prima facie* correct.   Had the claim been for an alleged tort or for unliquidated damages, the court might, in its discretion, have properly sent the case to a jury to settle the legal rights of the parties and ascertain the damages, retaining the case for ultimate disposal by the court.   But the rights of the parties had already been settled by the master and there was no occasion for a jury.   The case is simply, in substance a proceeding to have the receiver decreed to be a trustee for appellant for moneys in his hands paid by the city by way of royalty for seats furnished the board of education.   We are of opinion that the court below, sitting as a court of equity, had jurisdiction and ample authority to hear and determine the case.

The decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.