## William H. Hartzell, Appellant, v. John H. Hungate, Executor, et al., Appellees.

1. PARTIES—*interest authorizing intervention by third party.* Whenever a person has an interest in litigation which he would have a right to bring suit to enforce he may intervene to protect that interest in a suit begun by others where the result may be prejudicial to it.

2. PARTIES—*right of taxpayer to intervene in suit involving bequest to public schools.* Where a large estate had been left in trust, the income to be used for the support of a school in a certain city, the tuition of which must be free, and such will had been held to be valid and construed to require the application of such trust funds to the support of the public school of such city, which was supported by taxes, and a taxpayer alleged that a considerable part of the fund had been improperly diverted, that the trust fund was being mismanaged and depleted and that there was collusion between the executor and the city officials, such taxpayer had at least such a contingent interest in the fund as entitled him to intervene in a suit by the executor, the city and the

mayor and members of the city council, praying for an order authorizing the sale of real estate to pay certain indebtedness.

3. APPEAL AND ERROR—*finality of order denying right to intervene.* An order denying the right of a third person to intervene in a suit is final so as to support an appeal by him.

Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed October 25, 1921. Rehearing denied February 28, 1922.

O'HARRAS, WOOD & WALKER and SCOFIELD & CALIFF, for appellant.

DAVID E. MACK, CLIFFORD W. WARNER and GEORGE W. GOVERT, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Benjamin F. Johnson, late of Hancock county, died February 18, 1906, leaving a large estate consisting chiefly of about 2,200 acres of real estate and some $9,000 in money and personal property, and leaving a will by which the bulk of his estate was left in trust to the City of LaHarpe, the income to be appropriated annually for ''the support of a school in said city, the tuition of which school must be free.'' This will nominated John H. Hungate as executor. Letters testamentary issued to said Hungate on April 10, 1906, and he has since been acting as executor of that estate. The will provided that the real estate must not be sold but rented and the income only expended. On November 14, 1919, a report of the said executor of his acts and doings up to that time was approved by the county court of Hancock county in which it appeared that after all of the personal property had been exhausted there would still remain outstanding obligations to the amount of $26,651.37. This report had previously been approved by the City Council of the City of LaHarpe. On November 18, 1919, said ex-

ecutor, the City of LaHarpe and the mayor and members of the council of the City of LaHarpe filed their bill in chancery to the March term of the circuit court of Hancock county in the case of John H. Hungate, executor, etc. v. C. H. Laybourn et al., in which the tenants of various parts of the real estate in question were made defendants, and in which bill and a supplemental, bill are set out *in extenso*, the foregoing facts, the will, a résumé of the management of the estate, including certain litigation in which it had been involved and the expenses incident thereto, and praying for an order authorizing the sale or incumbrance of the real estate to pay the outstanding indebtedness. The defendants voluntarily came into court, filed their answers in which they admit they are tenants, that their leases expire as alleged in the bill, and neither admit nor deny the other allegations in the bill. On March 29, 1920, a motion of William H. Hartzell for leave to intervene in said cause was denied by the court. From this order the said Hartzell prayed an appeal and the same was allowed. On April 3 an amendment to the original bill was filed by which, among other things, the Attorney General of the State of Illinois is made a party defendant. The intervening petition which appellant was denied leave to file shows that he is a taxpayer in the City of LaHarpe and pays taxes to defray the expenses of schools there and is interested in seeing that the trust fund created by the will of Benjamin F. Johnson is not wasted or diverted; that the personal property of said estate amounting to $9,652.64 and all the rents and income from the real estate has been absorbed and misapplied; that the said executor seeks to misapply and convert to his own use $17,000 of the funds of said estate for fees and commissions which as the trustee of a charitable trust he, the said Hungate, is not entitled to receive, and in defraying improper expenses, and many thousand dollars more in paying excessive

and improper attorneys' fees, in all to the amount of $60,000, or one-half of the value of the entire estate at the time of the death of the testator; that the City of LaHarpe is not in law capable of being a trustee of the fund created by the will of Benjamin F. Johnson; that there is collusion between the said executor and the City of LaHarpe and its officers; and that the said executor is a lawyer, is president of one of the banks of LaHarpe, is a man of considerable wealth and has and exercises great and undue influence over the mayor and certain other officers of the said City of LaHarpe, so that the said city does not act freely and independently and for the best interest of the taxpayers. The petition prays for a receiver of this trust fund, that the executor be required to turn over to such receiver such trust fund without improper deductions and to return to the fund the $14,397.65 improperly paid over by himself as trustee to himself, that the executor be denied the right to sell or incumber the real estate in direct violation of the express terms of the will, and for other relief.

Assuming the facts shown by the pleadings to be true, there is a trust fund of nearly $400,000 in the hands of the executor of the last will of Benjamin F. Johnson, deceased, the income from which is by the will to go to the support of free schools or a free school in the City of LaHarpe; approximately $60,000 of this fund has been improperly diverted, the trust fund is being mismanaged and depleted, and no one who is a party to the pending litigation is doing anything or seems willing to do anything to preserve this fund for the purpose for which it was created, but on the contrary seem to be colluding for its depletion and destruction, and appellant as a taxpayer in the City of LaHarpe asks leave to be heard for the purpose of aiding the court in preserving this fund for the uses and purposes for which it was created and he has so far been denied that right.

The only question for this court to determine is this: Has appellant a right to intervene here for that purpose? This is not a suit to construe a will. It was held by the United States Court of Appeals on a bill filed to have the will declared void for uncertainty in *Laswell v. Hungate,* 256 Fed. 635, that the will is not void for uncertainty, and that the income from this fund must go to the support of some free school in the City of LaHarpe, and that the public school, supported by taxes from the property owners there, is a proper beneficiary to which the said income can be applied by the trustee, and in the absence of some other free school there, *must* be so applied. It follows that a taxpayer in the City of LaHarpe has at least a contingent interest in the fund. If it is not improperly dissipated or depleted, his taxes may be reduced by the application of the income to the support of the public schools there. Such an interest would warrant a court of chancery in entertaining a bill by him to restrain the misappropriation of the fund. In *Stevens v. Henry County,* 218 Ill. 468, the court entertained a bill brought by a taxpayer to enjoin the performance of a contract of the county with a tax ferret before it was or could be known whether anything would ever be due under the contract or not. See also *Chandler v. Fisher,* 285 Ill. 57. It goes without saying that wherever a person has such an interest in litigation that he would have a right to bring suit to enforce that interest, he may intervene to protect that interest in a suit begun by others where the result may be prejudicial to it. *Marsh v. Green,* 79 Ill. 385; *Wightman v. Evanston Yaryan Co.,* 217 Ill. 371; *Gunning v. Sorg,* 214 Ill. 616; *A. H. Andrews & Co. v. Stanton,* 18 Ill. App. 163. It was error to deny appellant the right to intervene. We are not now determining the sufficiency of all of the averments in the petition for intervention. All we are determining is that appellant has shown by his petition such an interest in this litigation as to have a right to intervene.

Appellees contend that the order denying appellant's right to intervene is not a final order and not appealable. An order that, finally disposes of the right of a party is a final order as to such party whether it is so to his opponent or not. *Mutual Reserve Fund Life Ass'n v. Smith,* 169 Ill. 264; *Henry v. Travelers' Ins. Co.,* 16 Colo. 179; *Hemphill v. Collins,* 117 Ill. 396; *Thorp v. North Moneta Garden Lands Water Co.,* 12 Cal. App. 186; *In re Frey's Estate,* 237 Pa. 269; *Terry v. Sharon,* 131 U. S. 46. The overruling of a petition to intervene is a final order. *Harman v. Barhydt,* 20 Neb. 625, 31 N. W. 488; *Northern Indiana Land Co. v. Brown,* 182 Ind. 438; *Voorhees v. Indianapolis Car & Mfg. Co.,* 140 Ind. 220; *Dollenmayer v. Pryor,* 150 Cal. 1; *Cathay Trust v. Brooks,* 193 Fed. 973. The order appealed from was a final order as to appellant and he had a right to appeal.

The order of the circuit court appealed from is reversed and the cause is remanded to that court with directions to allow the motion of appellant for leave to intervene.

*Reversed and remanded with directions.*