(No. 23521.—

MATSON B. HILL, *et al.* Appellants, *vs.* 1550 HINMAN AVENUE BUILDING CORPORATION *et al.* Appellees.

*Opinion filed October 14, 1936—Rehearing denied Feb. 3, 1937.*

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, (JAMES W. HYDE, ANAN RAYMOND, ALBERT E. JENNER, HENRY G. O'DONNELL, and ROBERT Z. HICKMAN, of counsel,) for appellants.

McGILVRAY, EAMES, VAUGHAN & TILLEY, (FRANKLIN E. VAUGHAN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

Matson B. Hill and Jean Patterson Hill (referred to herein as plaintiffs) filed their complaint against the defendant building corporation and other defendants, seeking removal of alleged clouds on their title in fee simple, particularly praying for the cancellation of a certain ninety-nine-year lease, certain assignments thereof, certain trust deeds, judgments and mechanics' liens burdening the leasehold estate, and for general relief. The trial court denied a motion to dismiss, in the nature of a demurrer, and entered a decree as prayed. Upon appeal the Appellate Court for the First District reversed the judgment of the trial court and remanded the cause, with directions to sustain the motion and dismiss the complaint. (282 Ill. App. 109.) Upon leave granted, the cause is here for further review.

So far as material the pleadings are as follows: The plaintiffs allege themselves to be the owners in fee simple of the premises in question and allege the execution of the lease, which through various assignments came to be owned by the defendant building corporation, having in the meantime become burdened with liens running to the Chicago Title and Trust Company to secure the payment of various notes. It is alleged that the lease required the erection of a building to cost not less than $125,000, to be paid for by the lessee, and that the demised premises should be kept clear of liens; that certain cash and securities were to be, and actually were, deposited with the Northern Trust Company to secure the performance of various covenants in the lease, including rentals, and that in the event of breach of

various covenants in the lease the plaintiffs should have four different options as to the withdrawal and application of the funds in the hands of the trustee, and also provided that in the event of certain breaches and the giving of specified notices the lessors might declare the term ended, re-enter the premises and "re-possess and enjoy said premises each in their first estate, without working the forfeiture of the rents to be paid and covenants to be performed by the lessee during the full term of this lease."

The options given the lessors as to withdrawal of funds from the hands of the trustee may be briefly summarized as follows: (1) If the lease is terminated while any of the fund remains on deposit with the trustee, the trustee, at the lessors' election, shall retain possession of all of said funds, with the income, and the lessors shall from time to time, as loss is suffered, be entitled, at their election, to have applied such amount of income as shall be necessary to make good such loss; (2) at the lessors' election the trustee may apply said fund to the reimbursement of the lessors for any such loss, and the trustee shall continue to hold such fund and income and apply the same during the entire term of the lease, returning any overplus at the end of said term, after payment of all losses of the lessors, to the lessee; (3) the lessors, at their option, upon the termination of the lease for default of the lessee, shall have the right, at the time of such termination, to receive and retain all funds, together with the income, as liquidated damages; (4) under paragraph (e), if the lessee fails to erect a building as provided by article 6, the lessors have the right to demand, and to receive, the cash and securities on deposit, as liquidated damages.

It will be noted that under two of these options the lessee remains liable for rent, while under options 3 and 4 the securities and cash on deposit are to be accepted as liquidated damages, terminating all liability. The complaint did not allege which of these options had been elected by

the plaintiffs but merely prayed that the Northern Trust Company be ordered to transfer the funds to them, which was done by the trial court.

It was further alleged in the complaint that the lessee had committed various breaches of the terms of the lease, both as to the payment of rents and as to the erection of the required building; that, pursuant to the terms of the lease, notices of termination of the right of occupancy had been given, and that, following the giving of such notices, the plaintiffs had re-entered the premises, put out all the occupants, including the defendants, "and re-possessed the same and now possess and enjoy the same as provided in said lease."

It is alleged as a conclusion of law that by reason of the defaults the plaintiffs are now the absolute owners in fee simple of the real estate and improvements, free from all claims and encumbrances of any defendant, and that the claims of the various defendants, because appearing of record, "are clouds on plaintiffs' title and tend to depreciate the value thereof and ought to be set aside, declared null, void, terminated and at an end, and to be delivered up and canceled under the direction of the court."

The lease in question is of considerable length and contains numerous covenants which we deem it unnecessary to refer to in detail. It is sufficient to point out that it is not only a lease but a contract; that it not only gives a right of possession to the lessee so long as he shall not be in default, but also binds both of the parties to numerous covenants which are not claimed to have been terminated or in any way impaired by the breaches as to payment of rent and the erection of the required building. Both the plaintiffs and the defendants claim the continued existence and rely upon the binding force of these covenants.

The plaintiffs do not allege that the possession which they say they have is in any way threatened. They do not allege that any of the defendants said to have liens upon

or claims against the leasehold estate either assert or threaten to assert, or have any legal ground for asserting, any claim against their fee simple title. In short, we are unable to discover that they tender any issue for determination by a court of equity. The lease did not purport to convey or impair any portion of the plaintiffs' freehold estate, and, except in so far as it granted a limited right of occupancy, it did not even affect that estate. They ask a court to decree them what they allege they already have, and which, so far as their complaint shows, no one is contesting. Apparently, what is really sought is a mere declaratory judgment establishing the sufficiency of the notices which they have given and the legality of the possession they allege they have taken.

In *McCarty* v. *McCarty*, 275 Ill. 573, we passed upon a somewhat similar situation. In that case there was a will which was neither ambiguous nor uncertain and under which a bill was filed asking that it be construed, that certain ambiguities alleged to exist therein be removed, and to quiet title. In the course of the opinion the late Justice Cartwright pointed out that no legal controversy had arisen or was alleged to be threatening, and that there was no occasion to call upon a court of equity to quiet a title already in a state of perfect tranquility.

It is apparent from the face of the complaint that this title is in a state of perfect tranquility. It is affirmatively alleged and admitted by all parties that no trust deed, judgment, mechanic's lien or other claim either is or is claimed to be a lien against anything but the leasehold estate. The complaint alleges, and all parties admit, that the owners of the fee are in possession of the property and no one is disputing their right to that possession, which is notice to the world of their title to and rights in the property. As pointed out by the Appellate Court, it is apparent from the complaint that the lease always has been, and still is, a valid instrument evidencing the agreement of the parties,

that a lessee is bound to admit his landlord's title, and the general rule is well settled that a valid lease cannot be a cloud upon a title. It has been frequently pointed out by us that to constitute a cloud there must be a semblance of title which is, in fact, unfounded and which casts a doubt upon the validity of the record title. *Rigdon* v. *Shirk,* 127 Ill. 411; *Goodkind* v. *Bartlett,* 136 id. 18; *Reed* v. *Tyler,* 56 id. 288; *Parker* v. *Shannon,* 121 id. 452; *Allott* v. *American Strawboard Co.* 237 id. 55, 60, 61; *Brooks* v. *Kearns,* 86 id. 547; *Gage* v. *Starkweather,* 103 id. 559; *Roby* v. *South Park Comr's,* 215 id. 200, 203, 204; *Trustees of Schools* v. *Wilson,* 334 id. 347, 350.

The plaintiffs rely principally upon cases in which oil, gas or mining leases have been removed as clouds upon title, such as *Nickerson* v. *Canton Marble Co.* 54 N. Y. Sup. 705, *Shannon* v. *Long,* 60 So. 273, 180 Ala. 128, and *Spaulding* v. *Porter,* 31 Pac. (2d) 711, and also such cases as *Wright* v. *Davis,* 145 Va. 370, 133 S. E. 659, where the lease never went into operation and was invalid from its inception. They also cite *Osborne* v. *Texas-Pacific Coal and Oil Co.* 229 S. W. 359, where the lease involved fraud in its inception and never went into effect. It is unnecessary for us to consider or pass upon any question involving a lease which was void in its inception, as there is no such case before us. The cases involving oil and gas leases are not in point, as such leases convey a freehold, (*Ohio Oil Co.* v. *Daughetee,* 240 Ill. 361,) and, as we pointed out in *Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9, the subject matter of the grant under such a lease presents nothing upon which a judgment in ejectment or forcible entry and detainer could act.

We are of the opinion that the complaint in this case presents no basis for equitable jurisdiction, and that the judgment of the Appellate Court remitting the parties to such action as they may have at law is right and must be affirmed.

*Judgment affirmed.*