Jules G. Eichenbaum et al., Plaintiffs, v. State and Quincy Building Corporation et al.
Continental Illinois National Bank and Trust Company of Chicago et al., Appellees, v. Isa W. Kahn, Appellant.

Gen. No. 40,052.

Heard in the third division of this court for the first district at the April term, 1938. Opinion filed November 30, 1938.

D'ANCONA, PFLAUM & KOHLSAAT and MOSES, KENNEDY, STEIN & BACHRACH, both of Chicago, for appellant; A. J. PFLAUM, JULIUS MOSES and SEYMOUR A. GREENBLATT, of Chicago, of counsel.

CAMPBELL, CLITHERO & FISCHER and GARDNER, CARTON & DOUGLAS, both of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A foreclosure proceeding was instituted on October 11, 1932, to foreclose a trust deed securing a bond issue of $2,300,000 on the leasehold estate on the Consumers Building located at the northwest corner of State and Quincy streets in Chicago, Illinois.

On November 29, 1937, the interveners, owners of the fee, obtained leave of court to intervene in this cause and thereupon filed their intervening petition, setting forth certain defaults in the payment of rent and taxes, and asked the court to forfeit the leases in question, declare the rights of the respondent Isa W. Kahn and others in said premises terminated and declare said interveners vested with an indefeasible fee simple title to the respective parcels of real estate described in said leases.

As near as we can gather from the contrariety of statements as set forth in the various briefs, as well as the oral arguments, the facts are substantially as follows:

The building located at the northwest corner of Quincy and State streets, known as the Consumers Building, was owned in fee by the intervening petitioners, Continental Illinois National Bank and Trust Company of Chicago, as trustee under indenture of trust of Eliza C. Hamill, dated December 16, 1920, known as Trust No. 4512; The Northern Trust Company as trustee under trust agreement dated June 20, 1928, known as Trust No. 7279; Emily Osborn Bliss and Mae O. Carothers, and was leased to the State & Quincy Building Corporation. On October 31, 1924, said State and Quincy Building Corporation having acquired said leasehold estate created by said leases, by its trust deed of that date conveyed such interest to Greenebaum Sons Bank and Trust Company, as trustee to secure a certain indebtedness evidenced by bonds aggregating $2,300,000. Jacob L. Kesner was the guarantor. The bond issue was to be retired by annual instalments ranging from $35,000 to $60,000 and some annual instalments of interest. Defaults were made in the payment of 1928 taxes of approximately $13,000 and default in the payment of 1929 taxes of approximately $11,121.36. A decree was entered May 25, 1937.

On November 29, 1937, thereafter the lessors, appellees, filed by leave of court their intervening petition seeking the forfeiture of the leasehold, setting forth certain defaults since May 1, 1933. Jules G. Eichenbaum was successor trustee under the bond issue and filed his answer to a petition of the lessors, denying the right of petitioners to forfeit the leasehold estate, and claiming among other things that the lessors who had previously intervened and obtained the aid of a court of equity to apply the entire income on account

to the default of taxes, were not in a position to declare a forfeiture without obtaining the sanction of the court which was possessed of the *res*. Also, that it was inequitable to permit lessors to obtain a forfeiture of the leasehold estate as well as the premises and that the two remedies were inconsistent. The said appellant further contended that before the lessors would be entitled to a forfeiture they would be required to do equity and apply the said money toward taxes. Appellant also contends that appellee banks filed a former intervening petition declaring a forfeiture on the whole leasehold on February 27, 1934, and that they subsequently filed another petition to forfeit the leasehold on November 7, 1936; that they were unsuccessful in both attempts and the court dismissed the last petition for want of equity on May 25, 1937.

It further appears that Isa W. Kahn, appellant herein, by a mesne conveyance and assignment, succeeded to the rights and interest of the original lessees heretofore referred to.

According to the provisions of the statute the court on October 22, 1932, ordered that Isa W. Kahn remain in possession and manage such property in lieu of obtaining a receiver.

On May 20, 1933, a decretal order was entered, which reads: "that said Continental Illinois National Bank and Trust Company of Chicago as trustee and The Northern Trust Company as trustee are the owners of the fee title to the real estate described in Parcel A of the trust deed being foreclosed herein and the owners of the lessor's interest in the lease therein described; that the said Emily Osborn Bliss and Mae Osborn Carothers are the owners of the fee title to the real estate described in Parcel B of the trust deed being foreclosed herein and the owners of the lessor's interest in the lease therein described; . . . that Parcels A and B are improved with a twenty-one story store

and office building known as the Consumers Building; that Parcel C is improved with a separate building except that it also contains an entrance to the basement of the said Consumers Building, which said entrance is used as a part of or in connection with said Consumers Building. . . .

"The court further finds that under the provisions of all of said three above mentioned leases, the lessors are entitled to a lien upon all of the rentals of the buildings situated on the premises demised by said respective leases to secure the payment of all taxes and assessments thereon."

On July 15, 1937, on a motion made by the attorneys for plaintiff, the court denied the motion to remove Isa W. Kahn from possession, allowing and sustaining plaintiff's motion to disallow the payment of 4 per cent from the gross income to said Isa W. Kahn, denying plaintiff's motion to require Isa W. Kahn to surrender possession to the plaintiff, and denying plaintiff's motion that no further payments be made on account of taxes and that the order directing the application of the income for the payment of taxes be vacated and such funds held until the further order of the court.

On November 29, 1937, an intervening petition was filed by the Continental Illinois National Bank and Trust Company of Chicago, as trustee, under indenture of trust of Eliza C. Hamill, dated December 16, 1920, known as Trust No. 4512, and The Northern Trust Company as trustee under trust agreement with Ruth Dangler dated June 20, 1928, and known as Trust No. 7279, and Emily Osborn Bliss and Mae O. Carothers.

The petition further sets up that as trustees they represent the real owners and that the State and Quincy Building Corporation acquired the lessees' interest in said leasehold and thereafter transferred

them to Jacob L. Kesner who thereafter conveyed said leaseholds to Central Trust Company of Illinois, as trustee; that the last named company and its successor assigned said leasehold to Isa W. Kahn who claims to be the holder of said leasehold estates for the benefit of the Kesner Realty Trust; that thereafter on September 14, 1937, said Kesner appointed the Harris Trust & Savings Bank as successor trustee under said indenture dated May 1, 1912, creating the Kesner Realty Trust; that the said Harris Trust & Savings Bank on September 14, 1937, accepted in writing its appointment as such successor trustee; that on October 31, 1924, said State and Quincy Building having acquired said leasehold estate created by said leases by its trust deed of that date conveyed such interest to Greenebaum Sons Bank and Trust Company, as trustee, to secure a certain indebtedness evidenced by bonds aggregating $2,300,000, evidenced by 4114 bonds of various amounts, payable serially, on different semi-annual dates from May 1, 1926, to November 1, 1939, inclusive, which deed was recorded; that because of the resignation of the trustee, Jules G. Eichenbaum was finally appointed successor trustee and is now so acting and ''that the owners and holders of the outstanding bonds secured by said trust deed are numerous and widely scattered so that it is impracticable to make them parties respondent to this petition and . . . their rights and interests . . . are represented by . . . Jules G. Eichenbaum as successor trustee aforesaid''; that under the terms of the lease pertaining to Parcel No. 1 the lessee agreed to pay as rent the sum of $35,000 for each and every year of the term after May 1, 1926, payable in 4 equal quarter yearly installments of $8,750 each in advance on the first day of May, August, November and February in each year, and agreed to pay as additional rent for said premises, before any sale or penalty for nonpayment there-

of, all taxes, assessments, water rates and governmental charges which might be lawfully levied or assessed after 1905 upon the premises demised or any building or improvements thereon or which might be erected thereon before the expiration of said lease.

The petition further sets forth the default and failure to pay the rent and the obligation herein mentioned; that on the first day of the months of August and November in the year 1933, and on the first day of the months of February, May, August and November in the years 1934, 1935 and 1936, and on the first day of the months of February and May in the year 1937, there became due and payable as per the terms of said lease the quarter yearly instalment of rent, but said instalments were not then nor thereafter paid in full; that thereafter the said petitioner caused notices in writing dated June 16, 1937, of said defaults in the payment of rent, to be served on Isa W. Kahn, Jacob L. Kesner, State and Quincy Building Corporation, Kesner Realty Trust, Central Republic Trust Company, formerly named Central Republic Bank and Trust Company, as successor by consolidation to Central Trust Company of Illinois, as trustee under Trust No. 2450, Charles H. Albers, as receiver for Central Republic Trust Company, successor by consolidation to Central Trust Company of Illinois, trustee under Trust No. 2450, Jules G. Eichenbaum, successor by appointment to Greenebaum Sons Bank and Trust Company, as trustees; that such defaults continued after such service of notice for more than 90 days after July 8, 1937, and were not cured, and on October 15, 1937, said petitioners declared said lease terminated, canceled and annulled and on October 21, 1937, said notices were served upon said last named persons declaring the termination, cancellation and annulment and to quit and deliver up possession of said premises within 10 days, were served October 27, 1937, upon the

Harris Trust & Savings Bank, successor by appointment of Jacob L. Kesner, etc., and that in spite of such termination of said lease neither said Isa W. Kahn nor any of said parties surrendered said premises, and said Isa W. Kahn held possession of same; that in addition to the defaults in the instalments of the rents, the general taxes for the years 1928, 1929, 1930, 1931, 1932, 1933, second instalments of the years 1934 and 1935, inclusive, and certain instalments of special assessments were not paid when they became due and payable; that by notice in writing dated June 18, 1937, by Emily Osborn Bliss and Mae O. Carothers of such default in payment of rent and taxes was served on Isa W. Kahn, Jacob L. Kesner, State and Quincy Building Corporation, Central Republic Trust Company, formerly named Central Republic Bank and Trust Company, as trustee under Trust No. 2450, and having claimed interest in said property by delivering such notice to the parties therein mentioned and causing such notice to be conspicuously posted, commencing July 19, 1937, for five consecutive days, at the main entrance to and in front of the premises demised by said lease; that such defaults continued after service of notice for more than 90 days and still continue and have not been cured; that on October 21, 1937, said petitioners declared the term of said lease ended and said lease terminated, canceled and annulled; that on October 21, 1937, in spite of such termination of lease neither said Isa W. Kahn nor any of said persons surrendered said premises and said Isa W. Kahn holds possession of the same.

The petition further states that pursuant to the order of October 22, 1932, by which the court permitted Isa W. Kahn to remain in said premises in lieu of the appointment of a receiver, that said Isa W. Kahn was in possession of said premises; that on May 20, 1933, an order was entered by the court directing, among

468

other things, that the net income from said premises should as from May 1, 1933, be applied from time to time toward the payment of unpaid general taxes levied against said property and improvements; that said order was entered without prejudice to the rights of any of the petitioners; that the said banks as trustee state that the said Isa W. Kahn is still in possession in lieu of a receiver, under the supervision of the court, but that the petitioners by reason of the premises are entitled to possession of said real estate and improvements under their aforesaid respective leases; that by reason of the termination aforesaid of said leases, all the right, title and interest of said Isa W. Kahn and Jules G. Eichenbaum as successor trustee and of the owner or owners, holder or holders of bonds secured by said trust deed and of all other parties other than the petitioners, have terminated; and said petitioners are vested with an indefeasible fee simple title in and to the respective parcels of real estate described in said leases.

On November 29, 1937, an order was entered granting petitioners leave to file their intervening petition instanter and ruling all parties to answer or make a motion to strike the same within 10 days and setting the hearing thereof for December 16, 1937.

The answer of Jules G. Eichenbaum, successor trustee, charges that the order entered May 20, 1933, which provided that the taxes should be paid out of income, was entered at the special instance and request of the interveners, as they had intervened in said proceeding and obtained affirmative relief and sought the aid of the court to apply the income of the property in payment of taxes; that interveners should not be allowed to use the arm of the court to enrich themselves through the guise of the payment of taxes and, at the same time, receive the premises free and clear wherein innocent persons represented by said respondent had invested

in excess of two million dollars; that having obtained an order of court authorizing said Isa W. Kahn to remain in possession in lieu of a receiver, the possession of Kahn was the possession of the court and no forfeiture could be declared by the interveners and, before a court of equity should allow a forfeiture, the interveners should be required to refund to the estate all the income which had been applied toward the taxes at their instance and request and on the objection of the respondent; that the interveners have recognized the tenancy of Isa W. Kahn as owner in possession in lieu of the receiver and have invited the aid of the court to retain him in possession as officer of the court and to account to the court for his acts and doings and have received the benefits of the aid of the court by the application of the income toward the payment of the taxes which, in event of forfeiture, will inure to their exclusive benefit; that before petitioners were entitled to serve any notice of a forfeiture it was their duty to present an application to the court and obtain leave of court to do so and, having failed to do so, they are in contempt of court and the court should not lend its equitable powers to enforce a harsh remedy to persons who have failed to do equity; that as a prerequisite to the forfeiture the petitioners should be required to refund to respondent all the moneys wrongfully applied in payment of taxes, and that the petitioners are not entitled to the relief prayed for, and ask that the petition be dismissed.

In the answer of Isa W. Kahn which was filed December 9, 1937, to the petition of the Continental Illinois National Bank and Trust Company of Chicago, as Trustee, and The Northern Trust Company, as Trustee, it is stated that this cause was instituted on October 11, 1932, to foreclose the lien of a trust deed from the State & Quincy Building Corporation to Greenebaum Sons Bank and Trust Company, dated Octo-

ber 31, 1924; that on October 22, 1932, an order was entered authorizing the said Kahn to remain in possession of the premises and manage and operate them, and that pursuant to said order and since October 22, 1932, said Isa W. Kahn has been and now is in possession, operating and managing said premises; that said Kahn admits that the mortgage in question was executed and that the bonds secured thereby were subsequently sold and delivered to various and sundry persons and admits that Jules G. Eichenbaum was appointed successor trustee under said trust deed, but denies that he represents the rights and interests of all the holders and owners of the bonds described in and secured by said trust deed, and admits the giving and service of the notices upon respondent; that the respondent Kahn claims that the petitioners are not entitled to possession but that the respondent is entitled to possession by an order of the court entered October 22, 1932.

Thereafter on December 17, 1937, the said Isa W. Kahn filed an amended answer claiming that the lease further provides as follows:

"The lessee further covenants and agrees that all policies of insurance upon the building now located on said premises and policies of insurance upon any new building which may at any time during the term of this lease be located or erected upon said premises, up to but in no event whatever exceeding the aggregate amount of Forty Thousand ($40,000) Dollars, shall provide that the loss, if any, shall be payable to the First Trust and Savings Bank, an Illinois corporation, as Trustee (hereinafter in this Article designated as Trustee), and said policies so payable to said Trustee shall be delivered to and held by the said Trustee, and all moneys due and payable thereunder shall be paid to said Trustee to be held and disbursed by it under the covenants and conditions of this lease."

The amended answer further alleges that by reason of the clause in said lease relative to insurance and the First National Bank of Chicago having succeeded to the position as trustee for insurance, as provided in said lease, said bank has charged $10 a year for its services as such; that by reason of such action by the First National Bank, the petitioners herein had waived their right to forfeiture and further that respondent had deposited with said trustee for insurance an insurance policy in the sum of $40,000, after the first policy for that amount had expired, which the bank accepted; that in the meantime the old building had been torn down and a new 22-story building, costing in the aggregate approximately $2,000,000 had been erected, and that it would unjustly enrich the petitioners to permit them to take said building.

Thereafter a hearing was had and on December 21, 1937, a decree was entered after considering the intervening petition and the answers of Eichenbaum and Kahn. Said decree, after finding in detail that the allegations of the intervening petition had been proved, found that the intervening petitioners were respectively entitled to immediate possession of the respective parcels of real estate in question of which they were the owners, and all of the right, title and interest, if any, of the lessees named in said indenture of lease and the said Isa W. Kahn and the said Jules G. Eichenbaum as successor trustee aforesaid, or of the owner or owners, holder or holders of bonds secured by the trust deed therein sought to be foreclosed and all persons claiming by, through or under them have terminated, and the intervening petitioners above named are seized and vested with an indefeasible fee simple title in and to their respective parcels of real estate, free and clear of any right, title and interest which might or could be vested in the lessees named in said leases.

The court in its decree further determined that the said lease had been forfeited, terminated and canceled and that said lease has now become and is null and void and the same ought to be and is hereby canceled, removed and expunged of record as a cloud upon the title to the premises and that all the parties claiming through the defendants herein named were perpetually restrained and enjoined from asserting any right, title or interest in or to said premises under or by virtue of the indenture of lease and that the said respondents were ordered and directed to deliver up, cancel and surrender to said intervening petitioners the original indenture of lease aforesaid, and that the petitioners are the owners of an indefeasible title in fee simple to the premises.

At the time of the entry of the decree the court further ordered that the motion to vacate the order to apply the net income of the premises in question on account of taxes, be denied; that the motion to direct the intervening petitioners to refund to the trust estate all moneys paid on account of taxes, as a condition precedent to the forfeiture of the leasehold, be denied, and that Isa W. Kahn be directed to file a final account within 15 days.

It is claimed by appellant that the owners of the fee proceeded on the theory that the trustee under the bond issue represented the numerous bondholders and bondowners; that the defaults had occurred in the payment of rents and taxes, required to be paid by the leases in question; that notices of such defaults and of termination were served on the necessary parties as required by the respective leases; that there was no waiver of the right to forfeiture or a recognition of the tenancy subsequent to the service of said notices of default and termination, and that, therefore, the interveners were entitled to the relief prayed.

It is claimed on behalf of the respondents, and on behalf of Kahn who was in possession of said premises

under order of court as assignee of the leasehold in lieu of a receiver, that their defense is based upon the following:

1. After final decree the court did not have jurisdiction to entertain the intervening petition in question and the interveners' right to intervene should have been denied.

2. A court of equity will not affirmatively enforce a forfeiture at the suit of a party entitled thereto, but will leave him to his legal remedies even though the case may be one in which no equitable relief would be granted the defaulting party against the forfeiture.

3. The successor trustee under the trust deed herein sought to be foreclosed, did not represent all the bondholders and they should have been notified (a) of the defaults; (b) of the termination of the leases in question; and (c) of the filing of said intervening petition and all proceedings had subsequent thereto.

4. The respondent was entitled to retain possession of the premises in question under the order of court entered herein on October 22, 1932.

5. The interveners waived their right to forfeit the leases in question.

6. If permitted to prevail, the interveners would be unjustly enriched at the expense of the respondent and of the owners and holders of the bonds secured by the trust deed herein sought to be foreclosed, in that they will have obtained a building worth in excess of $1,500,000, for an indebtedness of approximately $531,000.

The substance of the question raised by the contending parties is as follows:

Should a court of equity which has taken possession of the property during the period of foreclosure and is operating the same through a receiver, or one appointed under the statute in lieu thereof, permit the owner of the fee to appear and ask for relief?

It is claimed on behalf of appellant that when the court of equity entered its final decree of foreclosure, there was no case pending; that said court had ceased to have jurisdiction and that if the petitioning parties desired relief they should have gone to a court of law. The abstract does not show any final decree entered as a basis for this objection. This contention is disposed of by the Supreme Court in *First Nat. Bank v. Bryn Mawr Beach Bldg. Corp.*, 365 Ill. 409.

It is further claimed that the prayer of the fee owners for possession of the property being a common law action, a court of equity should not exercise any jurisdiction. It is a well-known principle that a court of equity once having acquired jurisdiction, will retain it for every purpose including the granting of purely legal remedies. In this case the court was still in possession of the premises and operating it for the benefit of all concerned. If an attempt had been made in a court of law to determine the right of possession, the owners would have been met by the defense that a court of chancery was then in possession of the property and there could be no interference until it had completed its administration. *Gunning v. Sorg*, 214 Ill. 616; *Chicago Trust Co. v. 12–14 W. Washington St. Bldg. Corp.*, 278 Ill. App. 117. That being true, then why should not a court of chancery which is in possession of the property permit anyone who has an interest to come before the court and set up his claim and have said court in the exercise of its equitable powers adjust all claims? We think unquestionably that it was not only the right, but that it was the duty of the chancellor to allow petitioners to be heard and administer and pass upon the rights of all parties before it. Such is correct chancery practice. *McDonald v. Bartlett*, 324 Ill. 549.

It is further claimed that the court should not have decreed the trust deed to be a cloud upon the title and attempted to remove the same. With this we agree.

The leasehold was the *res* that was being foreclosed; it was in default according to its terms and the lease had been forfeited and canceled by the fee owners and there was nothing left but to decree in accordance with the terms of said lease and place the rightful parties in possession. *Lang v. Hedenberg,* 277 Ill. 368; *Harper v. Tidholm,* 155 Ill. 370. The court did not declare a forfeiture but merely recognized what had already been done. *McDonald v. Bartlett,* 324 Ill. 549.

We think that in the decree it was unnecessary to remove the lease as a cloud upon the title, for the reason there was no dispute as to the ownership of the fee and tenants were in possession of the premises by virtue of said lease. In the case of *Hill v. 1550 Hinman Ave. Bldg. Corp.,* 365 Ill. 129, at page 134, it was said: ". . . that a lessee is bound to admit his landlord's title, and the general rule is well settled that a valid lease cannot be a cloud upon a title. It has been frequently pointed out by us that to constitute a cloud there must be a semblance of title which is, in fact, unfounded and which casts a doubt upon the validity of the record title."

In the instant case, however, the evidence shows the lease is in default according to its terms and the same has been canceled by the owners of the fee by proper notice and in compliance with the terms of said decree. That portion of the decree which ordered the leases removed as a cloud upon the title, is mere surplusage and may be disregarded.

No suggestion is made as to where the owners should go in order to have their rights passed upon and to obtain relief if they were unable to obtain relief in a court of equity. *Hartzell v. Hungate,* 223 Ill. App. 346. All the parties were before the court which had ample jurisdiction and their various interests were justly determined.

It is claimed the fee owners in some way forfeited their rights to relief when the court ordered the rent

receipts applied to the payment of taxes. This was done no doubt to save a further default by appellees and in payment of their debt according to their lease. The court was right in doing this. Other points are raised but we do not think they are controlling.

In considering the decree entered by the trial court, we think that court was justified in entering the decree it did and, in fact, it would have been inequitable for it to have done otherwise.

For the reasons herein given the decree of the circuit court is hereby affirmed, excepting that part of the decree wherein the court finds and removes the said lease as a cloud upon the title and as to that part of the decree, the same is reversed.

*Decree affirmed in part and reversed in part.*

HALL, P. J., and HEBEL, J., concur.